**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

JUAN BARNES                              *

    Plaintiff                           *

        v                               *        Civil Action No. DKC-15-560

DR. AVA JOUBERT, et al.                  *

    Defendants                         *

                         ***

## MEMORANDUM OPINION

Pending is Defendants' Motion to Dismiss.  ECF No. 12.  Plaintiff was advised of his right to file a response to the motion after it was filed with the court and of the consequences of failing to respond (ECF No. 13), but filed nothing further in the case.[1]  The court finds a hearing in this matter unnecessary.  *See* Local Rule 105.6 (D. Md. 2014).  For the reasons stated below, the Motion to Dismiss shall be granted.

### Background

Plaintiff Juan Barnes ("Barnes") claims that he was denied adequate pain medication as a means of retaliation.  ECF No. 1.  Specifically, he claims that his dosage of Neurontin was reduced and he was removed from Ultram.  *Id.*  Upon being directed to supplement the Complaint with factual allegations detailing the nature of the retaliation claimed, Barnes stated that he complained about being denied "due process to adequate medical care" when he was not seen for a pain management plan as he had been told.  ECF No. 3 at p. 9.  He further asserts that on February 18, 2015, he was unable to complete daily activities due to the pain he experiences

---

[1]      Although Plaintiff filed a pleading entitled "Response to Motion to Dismiss," it was filed approximately one-month before the Motion to Dismiss was filed.  ECF No. 9.  The response does not provide evidence or argument that would alter the outcome of this case.

from a metal rod in his leg as well as hip degeneration.  *Id.*  He claims that he was "put in for a consult for pain management the month of January . . . by Krista Clark and in February by Jannette Clark RNP."  *Id.*

The instant claim of retaliation is related to Barnes' complaint filed in *Barnes v. Ottey, et. al.*, Civil Action DKC-14-2904 (D. Md.2014), which concerned his claim that Dr. Joubert never informed him of x-ray results showing that he suffers degenerative changes and reduced joint space in his hip.  Barnes claimed that this conduct was intended to prevent him from seeking an evaluation by an orthopedic surgeon.  As noted by this court in its Memorandum Opinion, Barnes further claimed:

> [T]hat in May of 2014, he was provided a prescription for Ultram 50 mg.  He claims the prescription was taken from him by Peggy Mahler on August 9, 2014, after a two week period.  Beverly McLaughlin, then erroneously told Barnes that the prescription was not being provided due to the pharmacy's policy.  Barnes claims this information was false.  He further alleges that McLaughlin prescribed "muscle pills" which were ineffective in treating his pain because his pain is "bone pain" not "muscle pain."  ECF No. 3 at p. 5.
>
> Barnes claims he is a chronic care patient with pain levels that significantly affect his ability to engage in daily activities, making his assignment to a top bunk and an upper level tier inappropriate because it requires him to climb stairs.  ECF No. 3 at p. 6.  Barnes asserts that since being in prison he has been provided with "headache medications" to treat his hip pain as well as muscle relaxers, meloxicam, Motrin, Tylenol, Ibuprofen, and Naproxen.  ECF No. 1 at p. 3.  In addition, Barnes admits receiving Baclofen and Elavil, which he states are "psychiatric disorder medications they claim works for pain," but does not relieve his pain.  *Id.* at p. 4.  Barnes claims it is deliberate indifference to a serious medical need to refuse to treat chronic pain and to limit treatment to methods so ineffective they amount to no treatment.  *Id.*

*Barnes.*, Civil Action DKC-14-2904 (D. Md. 2014) at ECF No. 21, p. 2.

This court granted summary judgment in favor of Defendants in the previously filed action after observing that "Barnes' claim is not that he is denied all care, but denied the specific medications he believes are necessitated by his condition and the surgery he believes is necessary

for his leg." *Id.* at p. 6. A prisoner's right to medical treatment consonant with the Eighth Amendment's prohibition against cruel and unusual punishment is "limited to that which may be provided upon a reasonable cost and time basis and the essential test is one of medical *necessity* and not simply that which may be considered merely *desirable.*" *Bowring v. Godwin,* 551 F.2d 44, 47-48 (4th Cir. 1977) (emphasis in original). "Barnes' disagreement with the medical decisions made regarding pain medication and referrals to outside specialists are simply '[d]isagreements between an inmate and a physician over the inmate's proper medical care [which] do not state a §1983 claim unless exceptional circumstances are alleged.'" *Barnes*, Civil Action No. DKC-14-2904 (D. Md. 2014) at ECF No. 21, p. 6.

## Standard of Review

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the Plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The Supreme Court recently articulated the proper framework for analysis:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.*; *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc*., 40 F.3d 247, 251 (7th Cir. 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508, n. 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327(1989) ("rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a

complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnotes omitted).

This standard does not require Defendants to establish "beyond doubt" that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* at 1968-69. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 1969. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events. *See United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

### Analysis

In order to prevail on a claim of retaliation, Plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). It is unclear how much of a showing of adversity must be made in order to survive a motion for summary judgment. *See Burton v. Livingston*, 791 F.2d 97, 100-101 (8th Cir. 1986) ("complaint that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death" sufficient to state claim). "A complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone." *Gill v. Mooney,* 824 F.2d 192, 194 (2nd Cir. 1987) (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2nd Cir. 1983)); *Pierce v.*

*King*, 918 F. Supp. 932, 945 (E.D. N.C. 1996) (conclusory allegations of retaliation insufficient to state claim).

> Retaliation, though it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights. *Perry v. Sindermann,* 408 U.S. 593, 597 (1972). Where there is no impairment of the plaintiff's rights, there is no need for the protection provided by a cause of action for retaliation. Thus, a showing of adversity is essential to any retaliation claim.

*ACLU of Maryland, Inc. v. Wicomico County*, *Md.*,  999 F.2d 780, 785 (4th Cir. 1993).

Defendants assert that Barnes has failed to allege a nexus between the adverse action and participation in a protected activity. ECF No. 12. Additionally, Defendants claim that Barnes has admitted in his Amended Complaint that he was seen by pain management specialists in support of their allegation. Upon review of the Amended Complaint, however, it appears only that Barnes asserts he was "put in for consult for pain management" but he does not indicate he was actually seen. ECF No. 3 at p. 9. Barnes does admit in another paper that he was placed on pain management on April 1, 2015. ECF No. 9 at p. 2. Thus, Defendants' assertion that there is no adverse action at issue in the instant case is well taken.

Barnes attempts to draw a nexus between his request seeking injunctive relief from this court to order medical care and the termination of medical care for his chronic pain condition. ECF Nos. 3 and 4. As noted, however, Barnes' disagreement with the approach for treatment of his chronic pain has been ongoing and the medical decisions regarding prescribed medications do not differ from prior decisions with which Barnes has disagreed. Many of the allegations contained in the instant Complaint reiterate claims already decided in favor of Defendants in Civil Action DKC-14-2904. Those claims may not be revisited by presenting them again thinly veiled as retaliation claims.

The Complaint, as amended, fails to state a claim upon which relief may be granted.

Defendants' Motion to Dismiss shall be granted.  A separate Order follows.


February 5, 2016                        _____/s/_____
Date                                   DEBORAH K. CHASANOW
                                       United States District Judge